Herbert, J.,
dissenting. The statement of facts preceding the per curiam opinion very interestingly and very graphically recites the events which occurred prior to and at the time of the landing of the American Airlines plane on the day of the collision, but only the last two sentences in the third paragraph before the per curiam opinion relate the immediate circumstances of plaintiff’s injury. The opinion also is devoted chiefly to the events prior to landing rather than to the events following the landing.
As to negligence on the part of the pilot or copilot of the American passenger plane, the writer will never be led to concede that any actionable negligence whatever on their part is shown in this record. The excerpts from the testimony quoted in the per curiam opinion indicate at best the frank acknowledgment of the American pilot that it is always the duty of the pilot of a plane to keep a lookout in all directions for possible other traffic but not that he failed in that duty. The terse con *318 secutive messages from the tower to the American pilot quoted near the close of the statement of the case, “five seven two, cleared to land” and “puli up and go around that Navy aircraft just struck you,”' graphically demonstrate how the collision occurred, i. e., that the Navy plane came in behind and under the passenger plane as it was approaching the landing strip cleared to land, an obviously blind spot in the lead plane.
After the passenger plane had come to a stop the plaintiff was still whole and uninjured. The only negligence which in the opinion of the writer could have been the proximate cause of plaintiff’s injury must have occurred after the landing had been completed and the plane had come to a stop.
I agree with the majority of the members of the court that there was no question for the jury as to the conduct of the stewardess and that she could not be criticized for choosing, in the crisis created by the crash, one means of egress over another, as stated in the per cunam opinion, and accordingly hold to the view that the defendant is entitled to judgment, particularly in view of the undisputed fact that the plaintiff alone injured her hands on the rope.
Weygandt, C. J., concurs in the foregoing dissenting opinion.